33 F.3d 59
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Joseph QUEEN, Petitioner-Appellant,
v.
William DUNCAN, Warden, Respondent-Appellee.
 No. 93-55984.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1994.*
Decided Aug. 10, 1994.
 
 Before: WALLACE, Chief Judge, and HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Joseph Queen, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 habeas corpus petition challenging his conviction for attempted second degree murder. He contends the jury instructions violated his right to due process and appellate counsel rendered ineffective assistance. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. Sec. 2253 and review the denial de novo. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989). We affirm.
 
 Jury Instructions
 
 3
 Queen contends his due process rights were violated when the trial judge erred in failing to issue California Jury Instructions 8.50 and 8.72 sua sponte.
 
 CALJIC 8.50 provides
 
 4
 1. The distinction between murder [other than felony-murder] and manslaughter is that murder [other than felony-murder] requires malice while manslaughter does not.
 
 
 5
 2. When the act causing the death, though unlawful, is done in the heat of passion or is excited by a sudden quarrel such as amounts to adequate provocation or in the honest but unreasonable belief in the necessity to defend against imminent peril to life or great bodily injury the offense is manslaughter. In such a case, even if an intent to kill exists, the law is that malice, which is an essential element of murder, is absent.
 
 
 6
 3. To establish that a killing is murder [other than felony-murder] and not manslaughter, the burden is on the People to prove beyond a reasonable doubt each of the elements of murder and that the act which caused the death was not done in the heat of passion or upon a sudden quarrel or in the honest, even though, unreasonable, belief in the necessity to defend against imminent peril to life or great bodily injury.
 
 CALJIC 8.72 states
 
 7
 If you are satisfied beyond a reasonable doubt that the killing was unlawful, but you have a reasonable doubt whether the crime is murder or manslaughter, you must give the defendant the benefit of such doubt and find it to be manslaughter rather than murder.
 
 
 8
 We review for whether failure to give these instructions "so infected the entire trial that the resulting conviction violates due process." Estelle v. McGuire, 112 S.Ct. 475, 482 (1991). We consider failure to give an instruction in the context of the instructions as a whole and the trial record. Id. Reversal will rarely be justified for failure to give an instruction when no objection has been made in the trial court. Henderson v. Kibbe, 431 U.S. 145, 154 (1977). The omission of an instruction is less likely to be prejudicial than a misstatement of the law because it is less likely to have substantially affected the jury deliberations. Id. at 155.
 
 
 9
 We conclude the trial court's failure to issue CALJIC 8.50 and 8.72 sua sponte does not violate due process. At trial, Queen argued he lacked the intent necessary for either attempted murder or manslaughter. Indeed, defense counsel expressly disclaimed the theory that Queen committed the crime in the heat of passion. As the jury need only be instructed on the burden of proving the absence of heat of passion when the issue is presented, see Mullaney v. Wilbur, 421 U.S. 684, 704 (1975), we conclude the trial court did not err in failing to issue CALJIC 8.50 sua sponte.
 
 
 10
 CALJIC 8.72, which explains that in the case of reasonable doubt as to whether an unlawful killing is murder or manslaughter, the jury must find manslaughter, reiterates instructions given. The judge instructed the jury that it should consider attempted voluntary manslaughter if it was not satisfied beyond a reasonable doubt that Queen was guilty of attempted murder. Accordingly, the trial court did not violate due process in failing to issue CALJIC 8.72 sua sponte.
 
 
 11
 Ineffective Assistance of Appellate Counsel
 
 
 12
 Queen contends appellate counsel's failure to raise two issues on appeal violates his Sixth Amendment right to the effective assistance of counsel. A claim of ineffective assistance of counsel requires a petitioner to show that counsel's performance fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668-87 (1984) (Strickland ). A petitioner must also show that a reasonable probability exists that but for those errors, the outcome of the proceeding would have been different. Id.
 
 
 13
 Queen contends appellate counsel should have argued that trial counsel rendered ineffective assistance by failing to object to testimony about uncharged offenses committed by Queen. In particular, Queen contends trial counsel should have objected to Larry Hall's testimony that Queen broke Hall's nose with the butt of the gun as well as his statement that "there was blood everywhere" and he thought his teeth had been knocked out. Queen contends these statements constituted testimony about the uncharged allegation of great bodily injury.
 
 
 14
 We conclude Queen's Sixth Amendment right to the effective assistance of counsel was not violated by appellate counsel's failure to raise this issue. The testimony Queen points to constitutes nothing more than testimony of the events immediately surrounding the crime. Queen has failed to show that trial counsel's failure to object constituted defective performance, and thus necessarily that appellate counsel subsequently erred in failing to raise this issue. See id.
 
 
 15
 Queen also contends appellate counsel rendered ineffective assistance by failing to argue on appeal that the trial court erred in upholding the validity of the search of Queen's vehicle. Queen contends that the police improperly enlisted his sister-in-law's aid by asking her to inquire of Queen the vehicle's location and improperly searched his vehicle without a warrant.
 
 
 16
 We conclude appellate counsel's failure to raise this issue does not violate the Sixth Amendment. Queen has failed to show that the trial judge erred in ruling that the inevitable discovery exception applied and that Queen's subsequent consent permitted a warrantless search of the vehicle. Because Queen has failed to show that the trial judge erred, his contention that appellate counsel erred in failing to raise the issue necessarily must fail. Queen has also failed to show prejudice as a result of these two alleged errors. Accordingly, we hold that no Sixth Amendment violation occurred. See id.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3